# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORTH AMERICAN MARKETING SOLUTIONS, Inc.,**

      Plaintiff,

    -vs-                                                  **Case No. 13-C-472**

**JONATHAN WRIGHT,**

      Defendant.

# DECISION AND ORDER

North American Marketing Solutions, Inc. ("NAMS") specializes in mail fulfillment and billing services for fundraising and other companies. In this action, NAMS alleges that Jonathan Wright stole proprietary data from NAMS' computer network. Wright is in default – purposefully so. Indeed, when NAMS' investigation of the theft led to Wright, Wright refused to discuss the matter on the advice of counsel. Initially, the Court denied NAMS' request for injunctive relief, and it later closed the case for administrative purposes. NAMS now moves to re-open and for the entry of a default judgment that includes permanent injunctive relief. These motions are granted.

In late August 2012, NAMS discovered that "salted" individuals in its Donor Lists had received solicitation phone calls. "Salting" is a common practice in the industry to guard against the unauthorized distribution and use of Donor Lists. NAMS' investigation revealed that the calls were made by a fundraising company

operating under the name Community Awareness, Inc. ("CAI"), whose public principal was a man named Joshua Wilson. Wilson consented to an interview through counsel. Wilson stated that he had no idea the list was stolen, agreed to discontinue the list, and advised that he had received the list from Wright. A subsequent email exchange confirmed Wilson's account:

> <u>Wilson</u>: [T]his was because you made a choice, with me having no knowledge of you doing so, to obtain leads in a possibly illegal way. When you first came to me with the idea of opening the business and putting everything in my name, you told me you had gotten a good deal on leads. I trusted you because I didn't think you would do anything to put me in a position that I am in now.
>
> …
>
> <u>Wright</u>: It's my expectation that there's a strong chance the fact that this is all my doing will come to light naturally. . . . I want you to know that there's no way you're taking the fall for this. Absolutely not. You can know it's never in the back of my mind because I've always let the emails be plenty clear about my 'running things behind the scenes.' You have that, you'll always have that. So we know you won't take the fall.

First, Wright violated the Electronic Communications Privacy Act ("ECPA"). 18 U.S.C. § 2701(a) (making it unlawful to intentionally access "a facility through which an electronic communication service is provided" or "intentionally exceeds an authorization to access that facility," thereby "obtain[ing], alter[ing], or prevent[ing] authorized access to a wire or electronic communication while it is in electronic storage in such system . . ."). Therefore, NAMS is entitled to "any profits made by the violator as a result of the violation . . ." § 2707(c) (Stored Communications Act

("SCA"), providing a civil remedy for violation of ECPA). NAMS' expert persuasively establishes that Wright unjustly profited to the tune of $113,737.00.

Second, NAMS requests punitive damages. The Fourth Circuit has held that punitive damages can be awarded under the SCA even absent proof of actual damages. *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 209 (4th Cir. 2009) (finding "no error in the district court's award of punitive damages absent a showing of actual damages" under the SCA). This approach raises due process concerns, especially when (as here) the defendant is not available to defend himself (although intentionally so). *See, e.g., E.E.O.C. v. Sterling Jewelers, Inc.*, 788 F. Supp. 2d 83, 89 (W.D.N.Y. 2011) ("to survive due process, punitive damages must be proportional to the amount of compensatory damages owed") (citing *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424 (2003)). However, unjust profits are generally considered to be a "proxy" for actual or compensatory damages. *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1539 (2d Cir. 1992). Accordingly, the Court's due process concerns are alleviated because the requested amount of punitive damages ($100,000.00) is proportional to Wright's unjust profits. Moreover, Wright willfully and intentionally violated the statute, § 2707(c), then refused to participate in this litigation in an apparent attempt to make it more difficult for NAMS to obtain relief. Thus, punitive damages are warranted to advance the goals of punishment and deterrence. *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1287 (7th Cir. 1995) (punitive damage award may not exceed "what is necessary to serve the

objectives of deterrence and punishment").

Third, NAMS requests attorney's fees. Such an award is warranted and especially proper in light of Wright's recalcitrant conduct. *Van Alstyne*, 560 F.3d at 209; § 2707(c); § 2707(b)(3). The hourly rates and work performed by NAMS in pursuing this litigation were necessary and reasonable. ECF No. 8-3, Declaration of Daniel J. Trueden, ¶¶ 19-24 (requesting $27,839.95 as the total amount incurred to prosecute this lawsuit).

Fourth and finally, NAMS requests permanent injunctive relief. A plaintiff seeking a permanent injunction must demonstrate that it has suffered an irreparable injury; that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *but see Crane by Crane v. Ind. High Sch. Athletic Assoc.*, 975 F.2d 1315, 1326 (7th Cir. 1992) ("To justify entry of a permanent injunction, Ryan had to prove that he had no adequate legal remedy. He was not required, however, to show irreparable injury"). While disgorgement of profits may be considered an adequate legal remedy to the extent that it replicates NAMS' actual damages, it is still an equitable remedy. Going forward, monetary damages are an inadequate legal remedy. The best and likely only way to protect NAMS from future misuse of its stolen Donor Lists is to issue an order prohibiting Wright from using

them and directing Wright to destroy the copies he obtained. The balance of hardships favors NAMS because Wright has no legal right to use or keep that which he stole. Moreover, the public interest is not disserved by granting this relief. Indeed, Wisconsin law, which Wright also violated, expressly contemplates such relief. Wis. Stat. § 943.70(5) (aggrieved parties "may sue for injunctive relief to *prevent or stop the disclosure* of information which may enable another person to gain unauthorized access to the data, computer programs or supporting documentation") (emphasis added).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** NAMS' motion to re-open and for default judgment [ECF No. 8] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**